12496

PRISOCK v. INTERNATIONAL AGRICULTURAL CORP.

(144 S. E., 579)

60

September, 1925.

64

*Messrs. Bomar & Osborne,* for appellant,

*Messrs. Perrin & Tinsley,* for respondent,

September 17, 1928.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Lawson Prisock, as plaintiff, against the defendant, International Agricultural Corporation, was begun in the Court of Common Pleas for Spartanburg County,

by service of summons and complaint in April, 1925, for recovery of the sum of $10,000.00 damages for personal injuries alleged to have been sustained by plaintiff by reason of certain alleged acts of negligence and recklessness of the defendant. The case was tried before Hon. H. P. Green, Special Presiding Judge, and a jury, at the September, 1925, term of Court for Spartanburg County, and resulted in a verdict for the plaintiff in the sum of $1,000.00. From the entry of judgment on the verdict, the defendant, pursuant to notice duly served, has appealed to this Court, imputing error to the Special Presiding Judge in the particulars set forth under the several exceptions, all of which involve the correctness of his Honor's charge.

The allegations of the complaint necessary for an understanding of the case are, in substance, as follows: That on March 2, 1925, the plaintiff was in the employ of the defendant as an inexperienced laborer, engaged in picking and breaking an acid or fertilizer compound from a large pile of acid, under the direction of defendant's agent; that the said pile of acid compound had become hardened, and for the purpose of facilitating the work of breaking up the same into smaller parts, for use in the fertilizer plant, dynamite was discharged therein; that the blasting was done while the plaintiff and the other employees were eating their dinner, "and the condition under which plaintiff worked was changed by said blasting, without the knowledge of or notice to the plaintiff of the increased danger"; that, while the plaintiff was thus employed, "the defendant's agents carelessly and recklessly changed the conditions under which plaintiff was working by blasting said pile of acid, and thereby loosening a large lump of said acid, at the top of the pile, and failed to notify plaintiff of the danger thereof, and the said block of acid fell off and upon and against the plaintiff, without fault or negligence on his part, and caused him serious injury to one of his feet, which was crushed, and his ankle broken, and other bodily injuries sustained";

and further alleged that the plaintiff was inexperienced in said work and ignorant of the danger incident thereto. In addition to the general charge of negligence and recklessness on the part of the defendant, the plaintiff alleges the following specific acts of negligence and wantonness as having caused his injury, to wit:

"That plaintiff received said injury while employed under the direction of defendant's agents, and the same was directly the result of the negligence and wantonness of the defendant (a) in failing to provide and maintain a safe and suitable place for plaintiff to work; (b) in employing incompetent agents and servants; (c) in failing to inspect the pile of acid compound after dynamiting it, and so as to determine if it was safe for plaintiff to continue their labors in the places assigned to them; (d) in failing to notify plaintiff of the danger incident to the work which he was doing; (e) in that defendant knew or ought to have known of such danger to plaintiff; (f) that defendant knew or ought to have known that plaintiff was ignorant of the danger."

The defendant set up the defenses of general denial, contributory negligence, recklessness, and assumption of risk. In considering the exceptions, we shall, for convenience, follow, in part, the grouping outlined by the appellant.

Under Exceptions 1, 3, 4, 6, and 11, the appellant discusses the proposition that his Honor, the Special Presiding Judge, instructed the jury, in effect, that it was the duty of the defendant to furnish the plaintiff an absolutely safe place to work in, and absolutely safe appliances to work with, and quotes in support of this contention under Exceptions 1, 3, 4, and 6 the following language attributed to his Honor:

First Exception: "Where a master employs a servant, it is the duty of the master to furnish that servant with a safe place to work, and with suitable safe appliances with which to do the work he requires to be done. That is the universal

rule of law. It is usually said to be nondelegable by the master; that is to say, he can't shift it, can't get rid of it; that is, the duty to furnish a reasonably safe place to work and reasonably safe appliances."

Third Exception: "Now, I tell you that the duty of the master is to furnish a safe place to work, and, if injury results from want of ordinary care, that is what the law books say is negligence."

Fourth Exception: "But the main principle is that the master is bound to furnish servants with a suitable safe place to work, with suitable and necessary appliances—safe appliances—to carry on the work, and, if the evidence shows he has failed in that respect, then he is negligent."

Sixth Exception: "It is also the rule of law for the master, not only to furnish a safe place to work, but to keep it safe; of course, the master's duty did not stop at furnishing a place of safety at one time, then by some action which he has caused to be done to render all of it unsafe, without notice or warning to his servant who is charged with performing his duty under these conditions, then he is liable."

It is contended by appellant, as set forth and alleged under each of these exceptions, that by charging the jury in the language quoted his Honor, the Special Presiding Judge, thereby instructed the jury that it was the duty of the defendant, as stated above, to furnish the plaintiff an absolutely safe place to work in, and absolutely safe appliances to work with, and that such charge was prejudicial to the defendant, and constitutes reversible error. We do not agree with this contention. By reference to the language attributed to the Special Presiding Judge, quoted under the first exception, it will be observed that his Honor added these explanatory words: "That is, the duty to furnish a reasonably safe place to work and reasonably safe appliances." Also, his Honor, further on in his charge, again stated the principle in the following language: "It is the

duty of the master to furnish a reasonably safe place to work."

It is true that his Honor did not make use of the word "reasonably" every time he referred to the place where the plaintiff was working and the duty devolved upon the defendant as the master, but under the law this is not necessary, and it is not practicable. It is incumbent upon the trial Judge to instruct the jury as to its duties, and a proposition of law once stated need not be restated. Furthermore, at the request of appellant, his Honor in charging defendant's first request, restated the principle in no uncertain terms as follows:

"The duty of the master to furnish the servant a reasonably safe place to work must be considered in connection with the character of the work to be done. Some work is necessarily dangerous, and of such character as to make it impossible for the master to furnish a safe place. The master is only required to furnish a reasonably safe place, having regard to the character of the work to be done and the dangers necessarily incident to it, and the conditions under which it must be done. That is good law, and I so charge you."

In our opinion, the instruction to the jury on this proposition of law was clear and sufficient, and the appellant's position is not well taken.

Second Exception—Under this exception, appellant imputes error to his Honor in charging as follows:

"It is also his duty (referring to the master) to employ suitable and competent overseers and bosses; otherwise, he will be chargeable with negligence"—contending that in the use of this language his Honor "placed an undue burden upon the defendant, by charging that the defendant owed the absolute duty to furnish suitable and competent overseers and bosses, when the correct rule is that defendant is only required, at most, to furnish reasonably suitable and competent overseers and bosses, or to exercise reasonable

care in the selection of overseers and bosses." Under our view, the language attributed to the Special Presiding Judge is not susceptible of the meaning placed thereon by the appellant. Furthermore, in stating that it was the duty of the master to employ suitable and competent overseers and bosses, his Honor did not, in our opinion, place an undue burden on the defendant, especially so when this part of the charge is considered in connection with the whole charge, which will be incorporated in the report of the case.

Fifth Exception.—Under this exception, appellant discusses the charge with reference to contributory negligence, and contends that his Honor, the Special Presiding Judge, committed prejudicial error in using the following language in the course of his charge to the jury:

"But if a servant, notwithstanding negligence of the master, had not exercised ordinary care, without which the injury would not have occurred, you would say the servant was as much at fault as the master, then you would find for the master."

While this part of the charge, isolated from the balance of the charge, could not be said to be a clear and complete statement of the rule of contributory negligence, the defendant has no ground to complain, for, in our view, the language complained of is more favorable to the defendant than to the plaintiff, and, when this part of the charge is considered with the balance of the charge, it will be seen that the law of contributory negligence was made clear. The defendant's request on this proposition, which his Honor charged, was as favorable as the defendant could ask for, to wit:

"If the plaintiff was negligent, and the defendant was also negligent, and the negligence of the plaintiff combined and concurred with that of the defendant to cause the injury,

as the proximate cause thereof, the plaintiff could not recover on the cause of action for negligence."

Seventh Exception.—Under this exception appellant discusses the rule as to impending danger, and contends that the Special Presiding Judge committed prejudicial error in using the following language in the course of his charge on this proposition:

"Now, the notice of warning must be given at a sufficient time, and it must be adequate, to allow the servant time to change his position, or to get out of the way of impending danger, in order to absolve the master from liability."

Appellant takes the position that by the use of this language to the jury his Honor, the Special Presiding Judge, instructed the jury, in effect:

"That the master would be absolutely liable, and regardless of circumstances, and regardless of pains and efforts made to give notice, if notice of warning was not given at a sufficient time to allow the servant time to change his position or get out of the way of danger."

We do not think the language attributed to his Honor susceptible of this construction. A reading of the entire charge shows clearly that the jury were instructed and impressed with the fact that recovery must be based on negligence, as the proximate cause of the injury, proven by the preponderance of the evidence; otherwise, a verdict must be rendered for the defendant. We fail to see any ground for complaint here.

Ninth Exception.—Under this exception, appellant imputes error to the Special Presiding Judge in not charging the jury correctly on assumption of risk and negligence of fellow servant, and especially complains of the use of this language in his Honor's charge:

"An employee does not assume the risk of an emergency brought about by other servants in negligent operation, or negligent change of the conditions under which he is working."

The language quoted is but a single sentence contained in his Honor's entire charge on the proposition under consideration, and must necessarily be read in connection with the balance of the charge on this line, in order to have a clear understanding of the instruction given the jury. When this is done, it will be clearly seen that the jury received proper instruction on this subject.

Eighth and Tenth Exceptions.—Under these exceptions, appellant argues the proposition that the Special Presiding Judge charged on the facts. We do not agree with this contention, and, after a careful study of the charge in its entirety, we are convinced that his Honor presented the issues involved in the case to the jury fairly and impartially, under proper instruction.

The eleventh, twelfth, and thirteenth exceptions point out no particular errors, and are too general in their scope to be considered; but, waiving that objection, in the opinion of the Court, the same are without merit.

The exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Mr. Chief Justice Watts and Messrs. Justices Blease and Stabler concur.

Mr. Justice Cothran (dissenting) : The rule is that the master must exercise reasonable care in furnishing the servant with a reasonably safe place to work and reasonably safe tools and appliances. The jury may well have construed the charge as imposing the *absolute* duty upon the master in these particulars.